IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| John Stanley Pageus, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:07-cv-03167-JOF |
| U. S. Department of Education, | : |
| Defendant. | : |

**OPINION & ORDER**

This matter is before the court on Defendant's motion for summary judgment [20].

**I.   Background**

On December 20, 2007, Plaintiff, John Stanley Pegues,[1] represented by counsel, filed a complaint against Defendant, United States Department of Education, alleging that Defendant improperly garnished his wages in the amount of $1,500. The complaint sought an injunction barring the Department of Education from continuing to garnish his wages. Plaintiff never served this complaint. On January 24, 2008, Plaintiff amended his complaint but did not serve the amended complaint until March 21, 2008. On March 28, 2008, Defendant filed a motion to dismiss alleging that Defendant had not asserted a basis for

---

[1] Plaintiff's name is spelled different ways throughout his pleadings. The Department of Education believes that Pegues is the appropriate spelling and the court will use that.

federal jurisdiction in his complaint and had not referenced any specific cause of action in the complaint. Defendant also contended that Plaintiff's allegations did not meet the requirements of the Rule 8(a) standard for notice pleading and asked the court to dismiss Plaintiff's complaint under Rules 12(b)(1) and (b)(6).

Plaintiff responded by filing a motion to amend complaint. In the motion, Plaintiff stated that he "desires to amend and supplement pursuant to Fed. R. Civ. P. 15(a) and 15(d). However, the plaintiff does not add any new causes of action. The main changes concern pleading with more specificity subject matter jurisdiction." *See* Motion, at 1.

In an order dated October 14, 2008, the court denied Plaintiff's motion to amend complaint finding that Plaintiff had not satisfactorily alleged the jurisdictional element of the complaint. Further, Plaintiff had not attached a proposed amended complaint to his motion to amend. The court did, however, grant Plaintiff twenty days to amend his complaint to state the jurisdictional basis for his claim as well as the basis for any cause of action he may allege. The court warned Plaintiff that he would have no more opportunities to amend his complaint.

On October 29, 2008, Plaintiff filed the instant amended complaint which states a jurisdictional element and contends that Defendant violated Plaintiff's rights under the Fifth Amendment. Plaintiff avers:

> Plaintiff has been supplied a copy of the allege [sic] contract and loan that he allegedly Executed. Plaintiff dispute [sic] the existence of a loan, contract of

> payment or promissory Note that defendant is utilizing as a tool to illegally garnish plaintiff's wages.

*See* Second Amended Complaint, ¶ IV. Defendant answered Plaintiff's amended complaint and filed the instant motion for summary judgment.

Defendant submitted a statement of material facts in conjunction with its motion for summary judgment. Those facts are supported by the declaration of Lola Hom, Senior Loan Analyst, United States Department of Education. Plaintiff has not responded to those facts and they are deemed admitted by the court. *See* Local Rule 56.1(B)(2)(a).

On May 15, 1989, Plaintiff signed a promissory note for a Guaranteed Student Loan (a subsidized loan) for $2,625. On May 31, 1989, Plaintiff signed a promissory note for a PLUS/SLS supplemental student loan for $3,000. Plaintiff defaulted on his supplemental loan on August 22, 1991 and his subsidized loan on December 26, 1991.

On March 6, 2007, the Department of Education mailed a Notice of Wage Garnishment Due to Debt Owed to U.S. Government to Plaintiff. That Notice set forth the balance owed by Plaintiff on his subsidized and supplemental loans, as well as the fact that he had thirty days to request a hearing on the garnishment decision. The Notice also explained the administrative wage garnishment process, including Plaintiff's right to inspect and copy Department of Education records about the debt. The Notice informed Plaintiff that the Garnishment would be stayed only if a request for hearing were received within thirty days. The Department of Education did not receive a request for hearing from

3

Plaintiff within thirty days of the Notice of Garnishment. Therefore, the Department of Education sent a withholding order to Plaintiff's employer on April 19, 2007, and commenced the Administrative Wage Garnishment against Plaintiff on June 11, 2007.

On August 17, 2007, Plaintiff submitted an untimely request for hearing. The only challenge Plaintiff made at that time was that the loan balance was incorrect. Plaintiff did not submit any supporting information or documentation for his assertion the balance was incorrect. On August 28, 2007, the Department of Education informed Plaintiff that his request for reconsideration was denied for lack of substantiation. The Department of Education allowed Plaintiff until September 6, 2007, to provide additional support. Plaintiff did not make any additional filings.

On October 22, 2007, Plaintiff sent a second request for hearing to the Department of Education. There, Plaintiff contended that the student loan debt was not a valid enforceable past-due debt. Plaintiff did not challenge the amount of his debt in this request. The October 22, 2007, request also attached a letter from Plaintiff's attorney Anton Rowe dated May 5, 2007. Ms. Hom testified that the Department of Education did not receive this letter prior to the October 22, 2007, request.

The May 5, 2007, letter states that Plaintiff does not dispute he executed a student loan agreement for $6,000 but that he would like to negotiate "a lower amount and payment terms on the lower amount." *See* Hom Decl., ¶ 12 & Exh. 5. Mr. Rowe also requested that

4

AO 72A
(Rev.8/82)

the administrative wage garnishment be dismissed in exchange for "an immediate payment." *Id.* Plaintiff did not contest the validity of the debt in the October 22, 2007, letter, nor did he indicate that payment would cause him to suffer financial hardship.

After receiving the October 22, 2007 request, the Department of Education held a written records hearing on Plaintiff's objection. The Department denied an oral hearing because it determined that it could rule on Plaintiff's objection on the basis of the written records. On October 23, 2007, the Department of Education issued a Garnishment Hearing Decision affirming its prior decision that Plaintiff's wages were subject to garnishment. The October 23, 2007, decision informed Plaintiff of his right to seek reconsideration or otherwise challenge the decision. The Department of Education, however, had not received any documents or correspondence from Plaintiff or his attorney until the instant lawsuit was filed.

In response to Defendant's motion for summary judgment, Plaintiff submits an affidavit stating:

> Upon discovering that my pay check from Emory University was being garnished by the U.S. Department of Education. [sic] In accordance with the letter that the U.S. Department of Education and Pioneer Credit Recovery, Inc. sent me, I request a [sic] oral hearing disputing the loan. The U.S. Department of Education denied my request. I immediately hired an attorney. Upon retaining Attorney Anton Rowe, I received a copy of a request for an oral hearing by Attorney Rowe to the U.S. Department of Education. I received through Attorney Rowe, a second denial of an oral hearing disputing the validity of the loan. I have never been given the opportunity to be heard

> on the validity of the loan despite my requests. As a result, I had to file a
> lawsuit through my attorney in order to be heard.

*See* Pegues Aff., ¶ II.

Plaintiff also attached to his response as Plaintiff's Exhibit 5, a letter from Felicia Rowe of Rowe, Rowe & Thomas, LLC to the U.S. Department of Education, Student Financial Assistance Collections, dated July 30, 2007, in which Plaintiff purports to dispute the validity of the student loan based on the fact that in an administrative proceeding, Phillips College of Atlanta was deemed ineligible to participate in the Guaranteed Student Loans and PLUS Program from July 1, 1987 to April 1, 1990. The Department of Education responds that it never received this letter and did not know of it until Plaintiff filed his response to the Department's motion for summary judgment.

## II. Discussion

For the purposes of context, the court notes that Plaintiff secured his Guaranteed Student Loan and PLUS student loans prior to 1992. After 1992, the Department of Education began using the term Federal Family Education Loan ("FFEL") as an umbrella term for four different guaranteed student loan programs: the Robert T. Stafford Federal Student Loan Program; the Federal Supplemental Loans for Students Program; the Federal PLUS Loan Program; and the Federal Consolidation Loan Program. Participating lending institutions use their own funds to make loans to borrowers attending "eligible" post-secondary schools. These loans, in turn, are guaranteed by state agencies and are subsidized

6

by the United States Department of Education. *See generally Morgan v. Markerdown Corp.*, 976 F. Supp. 301, 308-09 (D.N.J. 1997). "Eligible institutions" are defined in 20 U.S.C. § 1085(a).

As indicated in the procedural history of this case, Plaintiff, despite numerous opportunities, has failed to adequately articulate the basis for his complaint. The court also notes that the Department of Education has averred that its loan file does not contain some of the correspondence upon which Plaintiff relies in his opposition to Defendant's motion for summary judgment, in particular, a July 30, 2007, letter from Felicia Rowe to the Department of Education. Because on Defendant's motion for summary judgment, the court must construe all facts in the light most favorable to Plaintiff, the court considers this letter, although its provenance is not entirely clear to the court.

As best as the court can construe from the documents Plaintiff attaches to his response to Defendant's motion for summary judgment, Plaintiff appears to dispute the validity of the loan he obtained through Phillips College of Atlanta. Plaintiff obtained the loans in 1989, but Plaintiff now appears to contend that Phillips College was deemed ineligible to participate in the student loan program from July 1, 1987 to April 1, 1990. Plaintiff also appears to contend (perhaps) that he may not have executed the documents. In the July 30, 2007, letter from Felicia Rowe to the Department of Education, Ms. Rowe refers both to the ineligibility determination and then states her client is demanding to see

7

his "complete file" to "determine what, if any, documents were actually executed by" Plaintiff.

Although it is not clear the extent to which either of these theories would apply to Plaintiff's complaint which raises a Fifth Amendment Due Process claim against the Department of Education, the theories are inapplicable on the merits as well. Despite repeated opportunities to explain why he believes he may not have signed the loan or why the alleged ineligibility of Phillips College would impact his responsibilities under the loan agreements, Plaintiff has not ever provided any substantiation or documentation about the circumstances of the loan execution. Plaintiff has never once averred he did not actually sign the loan documents. In fact, Plaintiff's attorney, in his May 5, 2007, letter to the Department of Education plainly stated that "Mr. Pegues does not dispute executing a student loan agreement for $6,000." *See* Plaintiff's Exh. 4. Rather, at that time, Plaintiff wanted to "negotiate a lower amount and payment terms on the lower amount." *Id.* In light of this plain admission that he executed the loan documents in question, the court finds wholly without merit, Plaintiff's bald dispute now of the existence of the loan. The court also notes that even were Plaintiff raising a cognizable claim that he may not have signed the loan documents at issue, under the procedure set forth in the Code of Federal Regulations, an "individual who believes a loan was fraudulently signed or obtained in her name may seek discharge from the Secretary of Education" and "[o]nly the Secretary, not

8

[the district court] has discretion to discharge the loan" on that basis. *See United States v. Wright*, 87 F. Supp. 2d 646 (D. Md. 2000) (citing 34 C.F.R. § 685.215).

Furthermore, although Plaintiff's counsel makes the factual assertion that Phillips College was determined to be an ineligible institution, the court has no admissible evidence on this point. Rather, Plaintiff's counsel provides the citation to a 1991 administrative order, but the court has no other evidence of the ineligibility of Phillips College. Even if the court were to assume that Phillips College had been deemed an ineligible institution, this finding would not have an impact on Plaintiff's liability for the student loans. Under the terms of the Higher Education Act, a borrower's liability may be discharged only if the borrower dies, becomes permanently and completely disabled, or is relieved of his obligation to repay such a loan by a discharge in bankruptcy. 20 U.S.C. § 1087(a) & (b). *See also Graham v. Security Sav. & Loan*, 125 F.R.D. 687, 694 (N.D. Ind. 1989) ("After a review of the statute and regulations, it does not appear that Congress intended to provide a remedy for students in default of their obligation as a result of any alleged non-compliance with the Act by the institution or lender."); *Jackson v. Culinary School of Washington*, 788 F. Supp. 1233, 1241 (D.D.C. 1992) (citing letter from official in Department of Education that "a student who borrows under the GSL program from a third party lender remains responsible for repaying the loan even if the school closes, unless a relationship exists between the lender and the school that would make the school's failure to render educational services a defense to

9

repayment of the loan to the lender [an origination relationship]"). Thus, even if the court were to assume that Phillips College was not an eligible institution at the time Plaintiff procured his loans, that would not excuse Plaintiff's liability under those loans.

To return to the due process claim actually raised by Plaintiff in his complaint, the court agrees with Defendant that Plaintiff has been provided with adequate process. The essential elements of due process are notice and an opportunity to respond. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Due process, however, is a flexible concept and the particular application of due process varies "as the factual situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976). In assuring adequate protection, a court must consider the private interests affected, "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and the state's interest. *Id.* at 335. Due process does not require that the Department of Education provide Plaintiff with an oral hearing. *See Califano v. Yamasaki*, 442 U.S. 682 (1979) (under certain circumstances agency's written review of records sufficient for due process purposes); *Harter v. Paige*, 130 Fed. Appx. 69, 70 (8th Cir. 2005) (Department of Education written records hearing satisfied due process); *George W. v. U.S. Department of Education*, 149 F. Supp. 2d 1195, 1204 (E.D. Cal. 2000) ("Due process requires notice and an opportunity to be heard, but it does not automatically require a formal hearing.").

AO 72A
(Rev.8/82)

On March 6, 2007, the Department of Education mailed a Notice of Wage Garnishment Due to Debt Owed to U.S. Government to Plaintiff. The Notice informed Plaintiff that the Garnishment would be stayed only if a request for hearing were received within thirty days. The Department of Education did not receive a request for hearing from Plaintiff within thirty days of the Notice of Garnishment. Therefore, the Department of Education sent a withholding order to Plaintiff's employer on April 19, 2007.

Plaintiff did send a request for a hearing on August 17, 2007, arguing that the loan balance was incorrect. Plaintiff did not submit any supporting information or documentation for this assertion. On August 28, 2007, the Department of Education informed Plaintiff that his request for reconsideration was denied for lack of substantiation, but allowed Plaintiff until September 6, 2007, to provide additional support. Plaintiff, however, did not made any additional filings.

On October 22, 2007, Plaintiff sent a second request for hearing to the Department of Education, contending that the student loan debt was not a valid, enforceable past-due debt. The Department denied an oral hearing because it determined that it could rule on Plaintiff's objection on the basis of the written records, and proceeded to conduct a written hearing. On October 23, 2007, the Department of Education issued a Garnishment Hearing Decision affirming its prior decision that Plaintiff's wages were subject to garnishment.

11

Although the October 23, 2007, decision informed Plaintiff of his right to seek reconsideration or otherwise challenge the decision, Plaintiff did not do so.

As Defendant argues, the Department of Education processes a large volume of garnishment actions each year and a hearing on the written record allows the Department to handle this volume in an efficient manner while still considering a debtor's objections. Furthermore, here, Plaintiff has not even proffered any reason as to why the hearing on the written record was inadequate in his circumstances or any evidence that supports his contention that the debt is not valid.

Finally, to the extent Plaintiff seeks monetary damages against Defendant Department of Education, that claim is barred due to Plaintiff's filing of the suit against the Department and not the federal official who allegedly violated Plaintiff's rights. *See Okpala v. Jordan*, 193 Fed. Appx. 850, 852 (11th Cir. 2006) (per curiam) ("A *Bivens* cause of action may not be brought against federal agencies.").

For the foregoing reasons, the court GRANTS Defendant's motion for summary judgment [20].

AO 72A
(Rev.8/82)

## III. Conclusion

The court GRANTS Defendants' motion for summary judgment [20]. The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiff's complaint.

**IT IS SO ORDERED** this 24th day of February 2010.

<pre>
                           /s   J. Owen Forrester
                          J. OWEN FORRESTER
                 SENIOR UNITED STATES DISTRICT JUDGE
</pre>

AO 72A
(Rev.8/82)